UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDWARD LEVY,

                              Plaintiff,

                - against -

CITY OF NEW YORK, CORRECTION OFFICER JASON
CATALANOTTO, Individually and in his Official Capacity,
NEW YORK CITY DEPARTMENT OF CORRECTIONS,
CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-5,

                             Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

Plaintiff, EDWARD LEVY, by his attorneys, NASS & ROPER LAW LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff, EDWARD LEVY, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.  On or about March 11, 2015, at approximately 11:30 am, at or near the location of the Anna M. Kross Center (AMKC), 18-18 Hazen Street in the County of Bronx, City and State of New York, Plaintiff was falsely arrested and assaulted by Defendants.  It is alleged that Defendants used excessive force in effectuating his arrest, and subjected Plaintiff to cruel and unusual punishment in violation of his constitutional rights.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4). This action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C.

§ 1983, for violations of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendant City of New York resides in this venue and Mr. LEVY's claims arose within the confines of this judicial district.

4.      An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

5.      On or about April 13, 2015, and within ninety (90) days after the claims herein accrued, Mr. LEVY served and filed a timely Notice of Claim, setting forth all facts and information required under General Municipal Law § 50-e, with the City of New York, a municipal corporation and the entity that employs or employed all named Defendants herein, by personal delivery of the notice, to the New York City Comptroller.

6.      At least thirty (30) days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

7.      This action has been commenced within one year and ninety days of the incident upon which the claims are based.

8.      Accordingly, this Court has supplemental jurisdiction over Mr. LEVY's claims against Defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).  Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.  This Court has pendant jurisdiction over Plaintiff's state law claims.

## PARTIES

9. Plaintiff, EDWARD LEVY, at all times relevant hereto resided at 18-18 Hazen Street in the County of Bronx, City and State of New York.

10. Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Department of Corrections and as such is the public employer of the Defendant officers herein.

11. That, upon information and belief and at all times herein mentioned, Defendant, NEW YORK CITY DEPARTMENT OF CORRECTIONS, (hereinafter "DOC") is an agency of Defendant, CITY OF NEW YORK, and conducts business in the Counties of Bronx and New York in the State and City of New York.

12. Defendant, CORRECTION OFFICER JASON CATALANOTTO (SH: 8523) was a New York City Department of Corrections Officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

13. Defendants, CORRECTION OFFICERS JANE/JOHN DOE(S) #'s 1-5 were New York City Department of Corrections Officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

14. At all relevant times hereto, Defendants were acting under the color of state and local law.  Defendants are sued in their individual and official capacities.  At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of DOC and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## STATEMENT OF FACTS

*Defendants' use of excessive force of Edward Levy.*

15. On or about March 11, 2015, at approximately 1:00 a.m., Plaintiff, EDWARD LEVY ("LEVY"), was at the Anna M Kross Center (AMKC) in Bronx, New York.

16. Plaintiff was told by defendants that he was going to be transferred to Brooklyn House of Detention by Defendants.

17. Plaintiff attempted to tell Defendants that he was already told by Captain "Skinner" that he was not going to be moved.

18. Defendants were upset at Plaintiff and forcefully placed handcuffs on him very tightly causing pain and discomfort.

19. Plaintiff was then brought outside by Defendants and threatened, being told "Nigger…didn't I say to shut the fuck up."

20. Defendants then proceeded to slam his head into a bus multiple times causing massive injury to his head, face and neck.

21. Plaintiff was then barely able to stand and was held up and carried by Defendants back to the holding cell.

22. Plaintiff would request medical attention from Defendants but was not seen at the clinic until approximately two (2) days after the incident.

23. LEVY did not assault or attempt to assault any officer, nor did he present a threat to the personal safety of any officer or the security of Rikers Island. LEVY did not provoke the assault, nor did he conduct himself in any manner that would warrant any use of force, much less the force actually used. The conduct of Defendants was malicious and sadistic. It was intended

to cause harm and physical injury to LEVY. It manifested deliberate indifference to LEVY's rights and physical safety.

24. The DOC's Use of Force Directive states that a written report regarding a use of force incident must include a "complete account of the events leading to the use of force," a "precise description of the incident," "the specific reasons" force was necessary, "the type of force" used, and a "description of any injuries sustained."

25. Defendants failed to adhere to these policies, consistent with the City's pattern, practice, and custom at Rikers Island of condoning violations of civil rights, condoning the use of excessive force, and failing to take appropriate investigative and remedial steps to end and prevent these violations.

***There is a longstanding pattern and practice of similar abuses at Rikers Island, of which Defendant City and supervisory staff have been on notice.***

26. The violence, deprivation of civil rights, and cover-up that occurred in this case were not isolated events. Instead, they are yet another manifestation of a pattern and practice of misconduct of which New York City policymakers have had actual and constructive notice, and yet have not prevented.

27. The City of New York, senior supervisors and corrections officers have been repeatedly sued over the past two decades for using and condoning excessive force at Rikers Island, failing to investigate those violations, covering up those violations, and bringing false charges against the victims in an effort to mask the misconduct of the officers. Many of these cases alleged similar beatings and "headshots" like those inflicted on LEVY, similar resulting injuries, and similar failures on the part of Defendant City to take appropriate steps to end this culture of violence. Many resulted in substantial awards to the plaintiffs and injunctive relief against the

government defendants. *See, e.g.*, *Rivera v. City of New York*, 12-cv-08398 (S.D.N.Y.); *Schuler v. City of New York*, 14-cv-04906 (E.D.N.Y.); *Stanford v. City of New York*, 13-cv-01736 (S.D.N.Y.); *Khapesi v. City of New York*, 13-cv-04391 (S.D.N.Y.); *Daniels v. City of New York*, 13-cv-06286 (S.D.N.Y.); *Nunez v. City of New York*, 11-cv-05845 (S.D.N.Y.) (class action, joined by intervenor United States); *Reynolds v. City of New York*, 11-cv-00621 (S.D.N.Y.); *Lebron v. City of New York*, 10-cv- 06921 (S.D.N.Y.); *Shuford v. City of New York*, 09-cv-00945 (S.D.N.Y.); *Belvett v. City of New York*, 09-cv-08090 (S.D.N.Y.); *Williams v. City of New York*, 09-cv-05734 (S.D.N.Y.); *Lee v. Perez*, 09-cv-03134 (S.D.N.Y.); *Mull v. City of New York*, 08-cv-08854 (S.D.N.Y.); *Lugo v. City of New York*, 08-cv-02931 (S.D.N.Y.); *Cuadrado v. City of New York*, 07-cv-01447 (S.D.N.Y.); *Williams v. City of New York*, 07-cv-11055 (S.D.N.Y.); *Diaz v. City of New York*, 08-cv-04391 (S.D.N.Y.); *Scott v. City of New York*, 07-cv-03691 (S.D.N.Y.); *Ingles v. Toro*, 01-cv-08279 (S.D.N.Y.) (class action resulting in injunctive relief); *Fischer v. Koehler*, 83-cv-02128 (S.D.N.Y.); *Crawford v. City of New York*, No. 303800/2011 (Sup. Ct. Bronx Cnty.).

28. In a "findings letter" sent on August 4, 2014 to Defendant City and the DOC, the U.S. Attorney for the Southern District of New York reported on the results of a multi-year investigation into the notorious use of excessive force at the DOC against adolescent inmates, and noted that its investigation suggested that the systemic deficiencies identified in the report apply to adults as well. See Report from United States Attorney Preet Bharara to New York City Mayor Bill de Blasio (Aug. 4, 2014) ("U.S. Attorney Report"), at 3, *available at* http://www.nytimes.com/interactive/2014/08/05/nyregion/05rikers-report.html.[1]

---

[1] Mr. Levy hereby incorporates the U.S. Attorney Report by reference herein.

29. According to the findings, there was, and is, a "deep-seated culture of violence" "pervasive" across the various facilities on Rikers Island, and "DOC staff routinely utilize force not as a last resort, but instead as a means" of "control" and to "punish disorderly or disrespectful behavior." *Id.* at 3.

30. According to the U.S. Attorney Report, at all times material to this complaint, there was a pattern, practice, and custom by DOC staff routinely to use unnecessary force to control and punish those perceived to be disobedient or disrespectful. *Id.* at 3, 11. Even when some level of force was necessary, the force used was often disproportionate to the risk posed. *Id.* at 11.

31. At all times material to this complaint, there was a pattern, practice, and custom of "correction officers resort[ing] to 'headshots,' or blows" to the "head or facial area." *Id.* at 4. These headshots were used where no officer or other individual was at imminent risk of serious bodily injury and more reasonable methods of control could have been used. *Id.* at 12.

32. The U.S. Attorney Report found that DOC staff reported "using only limited physical force, such as control holds to subdue the inmate or 'guide' him to the floor, while the inmate's injuries suggest a much greater level of force was used." *Id.* at 26. The U.S Attorney Report found that such a pattern strongly suggests that DOC staff routinely submit false reports, including, for example, when an inmate's injuries indicate that "blows to the head" were used. *Id.*

33. Notwithstanding their awareness of the serious risk of harm that headshots presented, DOC management failed to adequately address the long-standing problem through improved training, supervision, and staff disciplinary measures. *Id.* at 4.

34. According to the U.S. Attorney Report, at all times material to this complaint, there was a pattern and practice of using force "in response to [ ] verbal altercations with officers." The U.S.

7

Attorney Report found that DOC staff "too often resort to abusive physical force when confronted with verbal taunts and insults, noncompliant inmates, and complaints, even though no safety or security threat exists." *Id. at 17*.  Due to their poor training and inexperience, corrections officers lacked adequate conflict resolution and de-escalation skills.  *Id. at 18.*

35. The U.S. Attorney Report also found that, at all times material to this complaint, there was also a pattern, practice, and custom by DOC staff of preparing false or inadequate incident reports involving the use of force, in order to justify the use of such force.  *Id. at 25*.  For example, DOC staff routinely failed properly to document incident reports involving the use of force, including failing to include "why force was necessary and what injuries resulted."  *Id.*  DOC staff routinely falsely reported that a subject instigated an altercation in order to justify the use of force.  *Id.*  DOC staff also routinely reported limited use of physical force, even though the injuries suggested a greater level of force was used.  *Id. at 26*.  Likewise, DOC staff routinely engaged in collusion with other officers in order to tell a particular story or cover up the actual facts of a particular incident.  *Id.*

**FIRST CLAIM FOR RELIEF**
**<u>VIOLATION OF THE FOURTH AMENDMENT</u>**
**Pursuant to 42 U.S.C. §1983**
(*Against All Defendants*)

35. LEVY incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

36. The Fourth Amendment of the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides in part that, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.

8

37. By reason of the foregoing paragraphs, and by assaulting, battering, and using unnecessary, excessive, and unconscionable force, or failing to prevent others from doing so, the Individual Defendants deprived LEVY of rights, remedies, privileges, and immunities guaranteed to every person, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution to be free from unreasonable seizure of his person, the use of excessive force, false arrest and false imprisonment, abuse of criminal process, and from fabrication of criminal charges against him. The Individual Defendants acted under pretense and color of state law and within the scope of their employment as DOC officers and employees.

38. As a direct and proximate result of the misconduct and abuse of authority detailed above, LEVY sustained the damages alleged, including but not limited to conscious pain and suffering, injury, and deprivation of his liberty.

39. Defendant City of New York, through DOC, and acting under the pretense and color of law, permitted, tolerated, and was deliberately indifferent to a pattern and practice of staff brutality and retaliation by DOC staff at the time of LEVY's beating. This widespread tolerance of corrections officer abuse constituted a municipal policy, practice, or custom and led to the assault. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which LEVY was subjected to a brutal beating, Defendant City has deprived LEVY of rights, remedies, privileges, and immunities guaranteed to every person in the United States, secured by 42 U.S.C. § 1983, including, but not limited to rights guaranteed under the Fourth Amendment to be free from unreasonable seizure of his person and the use of excessive force.

40.     At all times material to this complaint, Defendant City failed to properly train, screen, supervise, or discipline employees including the Individual Defendants, and failed to inform supervisors of their need to train, screen, supervise, or discipline DOC employees such as the Individual Defendants regarding the limits on using force.

41.     Further, the "DOC's hiring process has failed to recruit sufficient talented [corrections officers] and has failed, in some instances, to weed out those who would abuse their positio." *See* New York City Department of Investigation Report on the Recruiting and Hiring Process of New York City Correction Officers (Jan. 2015) ("DOI Report"), at 2, *available at* https://www.documentcloud.org/documents/1502818-new-york-city-department-of-investigation-report.html.[2]

42.     As a direct and proximate result of Defendant City's and the DOC's policies, practices, customs, and usages, and the above-described failure to properly hire, train, screen, supervise, or discipline, LEVY sustained the damages alleged, including but not limited to conscious pain and suffering, injury, and deprivation of his liberty.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FOURTEENTH AMENDMENT:DUE PROCESS**
**Pursuant to 42 U.S.C. §1983**
(*Against All Defendants*)

43.     LEVY incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

---

[2] Mr. Levy hereby incorporates the DOI Report by reference herein.

44. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, bars Defendants from depriving any person of life, liberty, or property without due process of law (the "Due Process Clause").

45. By reason of the foregoing paragraphs, and by assaulting, battering, and using unnecessary, excessive, and unconscionable force, or failing to prevent other Individual Defendants from doing so, Defendants deprived LEVY of rights, remedies, privileges, and immunities guaranteed to every person, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from unreasonable seizure of his person and the use of excessive force. The Individual Defendants acted under pretense and color of state law and within the scope of their employment as DOC officers and employees.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, LEVY sustained the damages alleged, including, but not limited to, conscious pain and suffering, injury, and deprivation of his liberty and due process rights.

47. Defendant City of New York, through DOC, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of staff brutality and retaliation by DOC staff at the time of LEVY's beating. This widespread tolerance of corrections officer abuse constituted a municipal policy, practice, or custom and led to the assault. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which LEVY was subjected to a brutal beating, Defendant City has deprived LEVY of rights, remedies, privileges, and immunities guaranteed to every person in the United States, secured by 42 U.S.C. § 1983, including but not limited to rights guaranteed under

the Fourteenth Amendment to be free from unreasonable seizure of his person and the use of excessive force.

48. At all times material to this complaint, Defendant City failed to properly train, screen, supervise, or discipline employees, including the Individual Defendants, and failed to inform supervisors of their need to train, screen, supervise, or discipline DOC employees such as the Individual Defendants regarding limits on use of force.

49. As a direct and proximate result of Defendant City's and the DOC's policies, practices, customs, and usages, and the above-described failure to properly hire, train, screen, supervise, or discipline, LEVY sustained the damages alleged, including, but not limited to, conscious pain and suffering, injury, and deprivation of his liberty and due process rights.

## THIRD CLAIM FOR RELIEF
## ASSAULT AND BATTERY
## UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against All Defendants*)

50. LEVY incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

51. By the actions described above, in assaulting, battering, and threatening LEVY, or standing by and failing to intervene when LEVY was assaulted, Defendants, acting in their capacities as DOC officers and within the scope of their employment, committed a willful, unlawful, unwarranted, and intentional assault and battery upon LEVY. The acts and conduct of these Defendants were the direct and proximate cause of injury and damage to LEVY and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

52. The conduct of Defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as DOC officials, and/or while they were acting as agents and employees of Defendant City of New York, clothed with and/or invoking state power and/or authority, and, as a result, Defendant City of New York is liable to LEVY pursuant to the state common law doctrine of respondeat superior.

53. As a result, LEVY suffered conscious pain and suffering, damage, injury, and was deprivation of his liberty.

### THIRD CLAIM FOR RELIEF
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING
### UNDER THE LAWS OF THE STATE OF NEW YORK
(*Against Defendant City of New York*)

54. LEVY incorporates by reference and realleges all of the preceding paragraphs of this complaint as though fully set forth herein.

55. As demonstrated by the facts alleged herein, Defendant City of New York negligently hired, screened, retained, supervised, and trained the Individual Defendants. The acts and conduct of the Individual Defendants were the direct and proximate cause of injury and damage to LEVY and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56. As a result, LEVY suffered conscious pain and suffering, damage, injury, and deprivation of his civil rights and liberty.

### JURY DEMAND

57. LEVY demands a trial by jury in this action on each and every one of his damage claims.

## **PRAYERS FOR RELIEF**

*WHEREFORE,* Mr. LEVY demands judgment against Defendants jointly and severally and prays for relief as follows:

a. Declare that the conduct of Defendants, as described above, violates the rights of Mr. LEVY under the First, Fourth, and Fourteenth Amendments of the United States Constitution and under New York State Law;

b. Enjoin Defendants, their successors, agents, servants, employees, and all those in active concert or participation with them, from subjecting all persons who use facilities in DOC jails and come into contact with DOC staff to unlawful physical abuse, and the threat of unlawful physical abuse, and require these Defendants to formulate and effectuate a remedy, subject to the Court's approval and modification, if necessary, to end the practices and policies challenged in this lawsuit. Such a remedy should include measures which address continuing deficiencies in selection, training, evaluation, supervision, promotion, and command of the uniformed corrections staff, in the DOC's investigatory and disciplinary practices, and in the institution and adherence to nondiscriminatory policies;

c. Award Plaintiff compensatory damages in an amount to be determined at trial against Defendants, jointly and severally, and punitive damages individually against each of Defendants for violation of his federal constitutional rights, New York state law rights, deprivation of liberty, physical injuries, pain, suffering, mental anguish, and humiliation;

d. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees; and

e. Grant such other and further relief in favor of Plaintiff this Court deems just and proper.

Dated:  New York, NY
        April 5 2016

Respectfully submitted,

By: _____
Justin M. Roper, Esq.
*Attorney for Plaintiff*
**Nass & Roper Law LLP**
14 Penn Plaza, Suite 2004
New York, New York 10122
t/f: (718) 775-3246

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW LLP, attorneys for Plaintiff, EDWARD LEVY.  I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:    New York, New York
          April 5, 2016

_____
JUSTIN M. ROPER, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD LEVY,

                              **Plaintiff,**

– against –

CITY OF NEW YORK, ET AL.

                              **Defendants.**

**SUMMONS & VERIFIED COMPLAINT**

**NASS & ROPER LAW LLP**
*Attorneys for Plaintiff*
**EDWARD LEVY**
**14 Penn Plaza, Suite 2004**
**New York, New York 10122**
**(718) 775-3246**
**Fax: (718) 775-3246**[*]

---

[*] Not for service of papers.